UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-113-TAV-DCP |
| | ) | |
| ARTURO CALISTO-RAMIREZ, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Arturo Calisto-Ramirez's Unopposed Motion to Continue Plea Deadline and Trial [Doc. 14], which was filed on September 25, 2026.

Defendant asks the Court to continue the plea deadline and trial date for a period of sixty (60) days [*Id.*]. In support, Defendant states he intends to file a Notice of Intent to Plead Guilty[1] and that he needs more time to work with Counsel to schedule a change of plea hearing date [*Id.* ¶1]. Defendant states that granting the motion will allow parties to resolve all pending issues, work towards a full resolution of the case and provide counsel with adequate time to prepare should the case go to trial [*Id.* ¶ 2]. Speedy trial rights have been fully explained to the Defendant, and he understands that the time period between his filing of a continuance motion and rescheduled trial will be excluded [*Id.* ¶ 3]. Defendant states the Government does not oppose the requested continuance [*Id.* ¶ 4].

---

1 Defendant filed a Notice of Intent to Plead Guilty [Doc. 15] on September 25, 2026.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of the defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). The Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant's counsel needs additional time to confer with Defendant about the resolution of this case, schedule a change of plea hearing, and if a guilty plea is ultimately not entered, to prepare the case for trial. The Court finds that this cannot occur before the October 27, 2026, trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue Plea Deadline and Trial [**Doc. 14**]. The trial date is reset to **January 12, 2027**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on September 25, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 14**] is **GRANTED**;

(2) the trial date is reset to commence on **January 12, 2027, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **September 25, 2026**, and the new trial date of **January 12, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 11, 2026**;

(5) the deadline for filing motions *in limine* is **December 28, 2027**, and responses to motions *in limine* are due on or before **January 5, 2027**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **December 29, 2026, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **December 30, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge